UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GUADARRAMA, | No.  2:16-cv-2671 KJN P |
| Plaintiff, | |
| v. | ORDER |
| C. RANDY LANDIS, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3    § 1915(b)(2).

4         The court is required to screen complaints brought by prisoners seeking relief against a

5    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

9         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

12   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

16   2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

17   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

18   1227.

19        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

20   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

23   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

24   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

25   sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific

26   facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what

27   the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93

28   (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

2

1    In reviewing a complaint under this standard, the court must accept as true the allegations of the

2    complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most

3    favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

4    grounds, Davis v. Scherer, 468 U.S. 183 (1984).

5            The only named defendant is C. Randy Landis, a dentist.  Plaintiff alleges that on May 5,

6    2015, defendant Landis extracted one of plaintiff's wisdom teeth.  After the procedure, plaintiff

7    told defendant Landis that he felt excruciating pain in his neck.  Defendant Landis told plaintiff

8    that he was providing plaintiff with Tylenol for pain, and that the pain would go away in six

9    months.  Plaintiff alleges that he has since been diagnosed with glassophaynegeal neurolgia

10   and/or CN-T facial nerve.

11           The undersigned construes plaintiff's complaint to allege an Eighth Amendment claim

12   against defendant Landis.  Deliberate indifference to a prisoner's serious medical needs violates

13   the Eighth Amendment's proscription against cruel and unusual punishment.  Estelle v. Gamble,

14   429 U.S. 97, 104 (1976).  Serious medical needs may include dental care.  Hunt v. Dental Dep't.,

15   865 F.2d 198, 200 (9th Cir. 1989).  A serious medical need exists if the failure to treat a prisoner's

16   condition could result in further significant injury or the unnecessary and wanton infliction of

17   pain.  Estelle, 429 U.S. at 104.

18           A prison official is deliberately indifferent if he knows that a prisoner faces a substantial

19   risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  Farmer

20   v. Brennan, 511 U.S. 825, 837 (1994).  Neither negligence nor gross negligence will constitute

21   deliberate indifference.  Id. at 835–36 & n.4 (1994).  "A difference of opinion between a prisoner-

22   patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim."

23   Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

24           Plaintiff has not pled sufficient facts demonstrating that defendant Landis acted with

25   deliberate indifference rather than allegedly negligently.  For example, plaintiff has pled no facts

26   regarding how the extraction caused his current diagnosis, i.e., glassophaynegeal neurolgia and/or

27   CN-T facial nerve.  Without additional allegations regarding what defendant Landis did that

28   allegedly caused plaintiff's injuries, the undersigned cannot determine whether plaintiff has stated

1   a potentially cognizable Eighth Amendment claim against defendant Landis.  Accordingly, the

2   complaint is dismissed with leave to amend so that plaintiff may file an amended complaint

3   addressing these pleading deficiencies.

4          Plaintiff also alleges that he cannot eat hard food without pain to his jaw, neck and facial

5   nerves.  As relief, plaintiff requests that "defendants" stop the "trial and error pain medication,"

6   and provide him with adequate pain medication.  However, plaintiff does not name any defendant

7   in connection with his claims alleging inadequate pain medication.  Plaintiff does not allege that

8   defendant Landis is currently providing him with pain medication.   If plaintiff files an amended

9   complaint, he shall identify the type of pain medication he is receiving and describe why it is

10  "trial and error."  Plaintiff may also name as defendants those individuals providing him with

11  pain medication if he can allege an Eighth Amendment violation against them.

12         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

13  about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v.

14  Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each

15  named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is

16  some affirmative link or connection between a defendant's actions and the claimed deprivation.

17  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743

18  (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil

19  rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

20         In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

21  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

22  complaint be complete in itself without reference to any prior pleading.  This requirement exists

23  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

24  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

25  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

26  original complaint, each claim and the involvement of each defendant must be sufficiently

27  alleged.

28  ////

4

1    In accordance with the above, IT IS HEREBY ORDERED that:

2        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

3        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

4    is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

5    § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

6    Director of the California Department of Corrections and Rehabilitation filed concurrently

7    herewith.

8        3.  Plaintiff's complaint is dismissed.

9        4.  Within thirty days from the date of this order, plaintiff shall complete the attached

10   Notice of Amendment and submit the following documents to the court:

11        a.  The completed Notice of Amendment; and

12        b.  An original and one copy of the Amended Complaint.

13   Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

14   Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

15   also bear the docket number assigned to this case and must be labeled "Amended Complaint."

16        Failure to file an amended complaint in accordance with this order may result in the

17   dismissal of this action.

18   Dated:  December 8, 2016

19

20
     Guad2671.14
21                                          _____
                                            KENDALL J. NEWMAN
                                            UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOSE GUADARRAMA,                          No.  2:  16-cv-2671 KJN P

12              Plaintiff,

13         v.                                   NOTICE OF AMENDMENT

14    C. RANDY LANDIS,

15              Defendant.

16

17         Plaintiff hereby submits the following document in compliance with the court's order

18    filed_____.

19              _____          Amended Complaint
      DATED:
20

21                                       _____

22                                       Plaintiff

23

24

25

26

27

28